GRIFFIN, J.
 

 Petitioner seeks a belated appeal of his judgment and sentence. We deny the petition.
 

 The petition was filed under the mailbox rule on January 3, 2009. According to Petitioner’s allegations, on September 12, 2005, he was sentenced to fifteen years in prison. He alleges that at the time of sentencing he asked counsel to file the appeal, but she failed to do so. Petitioner further alleges that he learned of defense counsel’s omission after receiving a response to his notice of appeal inquiry from the clerk of court on September 25, 2007. That response from the clerk indicated that no notice of appeal had ever been filed. Petitioner admits his awareness of the two-year window for filing a timely petition for belated appeal, but he contends that the instant petition is timely because “it is filed within two-years [sic] of the petitioner becoming aware that no appeal was filed despite his request that counsel do so.”
 

 Florida Rule of Appellate Procedure 9.141(c)(4)(A) provides the relevant time limit to be applied to a petition seeking a belated appeal. It states in pertinent part:
 

 (A) A petition for belated appeal shall not be filed more than 2 years after the expiration of time for filing the notice of appeal from a final order, unless it alleges under oath with a specific factual basis that the petitioner
 

 (i) was unaware an appeal had not been timely filed or was not advised of the right to an appeal; and
 

 (ii) should not have ascertained such facts by the exercise of reasonable diligence.
 

 Here, Petitioner’s own assertions demonstrate that, within the two-year window for seeking a belated appeal, he learned that no appeal had been filed. Petitioner alleges that he was sentenced on September 12, 2005. Thus, he had thirty days from this date (i.e., until October 12, 2005) to file a timely notice of appeal. When no appeal was filed, rule 9.141(c)(4)(A) became applicable. The rule allows two years from the “expiration of time for filing the notice of appeal” to file a petition for a belated appeal. Thus, Petitioner had until October 12, 2007, to file a timely petition for belated appeal.
 

 According to Petitioner, he learned that defense counsel had failed to file a notice of appeal on September 25, 2007, seventeen days prior to the expiration of the two-year window. Petitioner has failed to offer any basis for concluding that he could not have filed a timely petition for belated
 
 *698
 
 appeal.
 
 [1]
 

 Accordingly, the instant is DENIED.
 

 PALMER, C.J., and COHEN, J., concur.
 

 [1]
 

 . We also note that Petitioner failed to file his petition until approximately fourteen months after his two-year filing window had closed.